986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David Michael TALTON, Defendant-Appellant.
 No. 92-5299.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 5, 1993
Decided: February 18, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-219-P)
 George V. Laughrun, II, Goodman, Carr, Nixon & Laughrun, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Patrice P. Lewis, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David Michael Talton appeals his conviction and sentence for armed robbery, contending that he was improperly sentenced as a career offender. We find that Talton was properly sentenced as a career offender and affirm.
 
 
 2
 Talton was indicted and charged with armed robbery in violation of 18 U.S.C. § 2113(d) (1988), bank robbery in violation of 18 U.S.C. § 2113(a) (1988), and using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (1988). Talton entered into a plea agreement and pled guilty to armed robbery.
 
 
 3
 The Presentence Report (PSR) classified Talton as a career offender. Despite Talton's objections to that classification, the judge determined that Talton was a career offender and sentenced him to 216 months in prison, followed by five years of supervised release. Talton appeals.
 
 
 4
 Three prior convictions, armed robbery, possession of marijuana with intent to sell, and non-felonious engaging in rioting, were cited in the PSR as qualifying Talton as a career offender under the United States Sentencing Commission, Guidelines Manual § 4B1.1 (Nov. 1992). Talton contends that the possession and the rioting convictions were improperly counted.
 
 
 5
 Talton's contention that he is not a career offender is without merit. At the sentencing hearing, Talton's counsel conceded that the possession of marijuana conviction was possession with intent to sell, not simple possession as he had previously contended. The possession conviction and the uncontested armed robbery conviction constitute crimes of violence under U.S.S.G. § 4B1.1 and are sufficient to qualify Talton as a career offender.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Because Talton qualifies as a career offender based on the armed robbery and possession convictions, it is irrelevant whether the non-felonious engaging in rioting conviction should have been counted. Nevertheless, we note that the non-felonious rioting conviction also qualifies as a crime of violence under U.S.S.G. § 4B1.2 for purposes of classifying Talton as a career offender because violence is an element of the offense under North Carolina law, N.C. Gen. Stat. § 14-2882 (1986). See United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991), cert. denied, 112 S.Ct. 2294 (1992)